# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR415-131 |
| | ) | |
| LEON CARTER | ) | |

## ORDER

Indicted on gun charges, defendant Leon Carter moves to suppress statements he made while being transported by two law enforcement agents. Doc. 27. He insists that despite his custodial status and the "highly coercive setting," *id.* at 3, the agents:

> overstated the evidence against the Defendant in order to gain his cooperation such as saying they may have DNA on the guns, telling him they "...know for a fact that you had guns" and that there was audio and video of evidence of his having guns. Secondly, implied promises were made to the Defendant during the interrogation. Specifically, Agent Crawford discusses the federal point system and acceptance of responsibility points and tells the Defendant that if he admits to what he's done he may be eligible for point reductions. Agent Crawford also told the Defendant that "...points equals time" thereby indicating to the Defendant that by cooperating that he would receive less time. Lastly, during the interrogation the Defendant indicated that he did not wish to continue by making such statements as "...I can't think right now...don't make me look like a fool and ...I don't want to be a snitch and have my head blown off..." and agents continued to question him. Agents violated the Defendant's constitutional rights, specifically, his Fifth and Fourteenth Amendment rights by conducting the interview in this

manner. Therefore, any statements made by the Defendant during the interrogation must be suppressed.

*Id.* at 2-3. Carter contends both that his statements were involuntary and that "[t]he alleged giving of *Miranda* warnings in [his later] interview . . . would not break the causal chain so that the statement(s) would be admissible, even if the statement(s) had been made voluntarily under the Fifth Amendment." *Id.*

Under this Court's Local Rule 12.1, "[e]very factual assertion in a motion, response, or brief shall be supported by a citation to the pertinent page in the existing record or in any affidavit, discovery material, *or other evidence* filed with the motion. Where allegations of fact are relied upon that are not supported by the existing record, supporting affidavits shall be submitted." S.D. GA. LOC. CR. 12.1 (emphasis added). Carter cites no record evidence that supports any of the factual assertions of his motion. And instead of tendering a Rule 12.1 affidavit from *Carter*, his counsel (who evidently obtained the above-excerpted, direct quotes from his client) tendered his *own* affidavit:

> I, Stan Fitzgerald, attorney for Leon Carter, believe to the best of my knowledge that the following facts are true:
>
>> When Agent Tom Crawford and Bret (last name unknown) questioned the Defendant, Leon Carter, during his transport from the Chatham County Detention Center to the Federal Courthouse they violated his Miranda Rights by overstating the evidence against him, making implied promises of leniency and continuing the interview after Defendant expressed his desire to stop. Counsel for Defense has reviewed relevant case law on this issue and it appears to him that the decision of whether or not Defendant's statements were voluntarily made is contingent on the specific facts in each case. The Courts use a totality of the circumstances approach in determining whether or not Defendant's rights were violated in these types of cases and only the Court can make that determination.

Doc. 27 at 5.

Suffice it to say that hearsay-based conclusions from *counsel*, rather than direct-knowledge factual attestations from *the defendant* or some other percipient witness, are not what the case law and Rule 12.1 demand.[1]  *Cf. Rosin v. United States*, 786 F.3d 873, 878 (11th Cir. 2015)

---

[1] *See Am. Rock Salt Co., LLC v. Norfolk So.*, 180 F. Supp. 2d 420, 423 (W.D.N.Y. 2001) (attorney affidavit not based on personal knowledge carries no weight and should be disregarded); *Foster v. Allied Signal, Inc.*, 98 F. Supp. 2d 1261, 1265 (D. Kan. 2000) (striking an attorney affidavit that contained hearsay statements and unauthenticated documents), cited in *Musselman v. Nitchman*, 2005 WL 1657077 at *5 (W.D. Wash. 2005) (striking portions of attorney's affidavit to which he was not "competent to testify"); *see also Rivers v. United States*, 777 F.3d 1306, 1315-16 (11th Cir. 2015) (fact that defense counsel's hearsay statements were being made to codefendant's counsel was not sufficient, alone, to establish the equivalent circumstantial guarantees of trustworthiness required for their admission into

3

("It is well-settled that the district court is not required to grant [a 28 U.S.C. § 2255] evidentiary hearing when the defendant's claims are affirmatively contradicted by the record evidence, nor is a hearing required if the claims are grounded upon generalizations that are unsupported by the record evidence."). Within 11 days of the date this Order is served, counsel shall re-brief *and properly support* Carter's motion -- or withdraw it.[2]

---

evidence under the residual exception to the hearsay rules), cited in *Marshall v. United States*, 2015 WL 3936033 at * 3 (S.D. Ga. June 26, 2015).

[2] Defendant is reminded that hearing affidavits are duly scrutinized. *Compare United States v. Lincecum*, 220 F.3d 77, 80-81 (2d Cir. 2000) (false representations in defendant's affidavit in support of his motion to suppress his post-arrest statements were material, and thus warranted enhancement under sentencing guidelines for obstruction of justice, even though he withdrew his motion to suppress before court could rely on such statements to grant motion; statements were sufficient to compel hearing on motion to suppress, and, had district court credited them, it would have granted defendant's motion to suppress), *with United States v. Agudelo*, 414 F.3d 345, 349 (2nd Cir. 2005) (defendant's affidavit in support of his pretrial suppression motion, in which he alleged that law enforcement agents continued to question him during his post-arrest interview after he asked to speak to an attorney, was not knowingly false, as required to support obstruction of justice enhancement at sentencing; although district court credited testimony of law enforcement agents that defendant did not ask to see a lawyer, it was possible that defendant misunderstood agent's comments regarding arrest process or misremembered the chronology of the conversation).

In fact, all false representations aimed at influencing this Court are prohibited. *United States v. Campa*, 529 F.3d 980, 1016 (11th Cir. 2008) ("Providing a false name to a magistrate at a detention hearing qualifies as obstructive conduct."); *United States v. Charles*, 138 F.3d 257, 266 (6th Cir. 1998) (defendant's presentation of false identification to magistrate judge during pretrial release hearing, so as to conceal true identity and prior criminal record, justified offense level enhancement for obstruction

**SO ORDERED,** this 28th day of October, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

of justice under Sentencing Guidelines); *United States v. Wilson*, 197 F.3d 782, 785-86 (6th Cir. 1999) (defendant gave the magistrate judge and the probation office a false name to conceal prior criminal history, thereby influencing sentencing); *United States v. Doe*, 661 F.3d 550, 567 (11th Cir. 2011) (application of obstruction of justice sentence enhancement based on defendant's false statement during interview with U.S. Probation Office did not violate his Fifth Amendment due process rights insofar as he was not *Mirandized* beforehand; USPO's questions of defendant fell within "routing booking exception" to *Miranda*'s coverage); *see also United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise).